UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ADRIANO DURAN, *pro se,*                          :
                                                  :
              Plaintiff,                         :
                                                  :     **MEMORANDUM AND ORDER**
      -against-                                 :     05-CV-1153 (DLI)(MDG)
                                                  :
JOANNE B. BARNHART,                               :
Commissioner of Social Security,                  :
                                                  :
              Defendant.                         :
-------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

      Plaintiff Adriano Duran, *pro se,* ("Plaintiff") brings this action for review of the decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income ("SSI") benefits. The case is before this court on the Commissioner's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Commissioner filed the motion on September 5, 2005, but Duran has not submitted any opposition papers nor made any contact with the court. On May 4, 2007, after several attempts to contact Plaintiff and obtain opposition papers, the court deemed the motion unopposed. For the reasons discussed below, the Commissioner's decision is affirmed.

### DISCUSSION

**Background**

      Plaintiff first applied for SSI on January 2, 2002. (A.R. 88-89).[1] The claim was denied, and, eventually, after several adjournments, an administrative hearing was held on September 1, 2004. (A.R. 208-230). At the hearing, the Administrative Law Judge ("ALJ") reviewed the documents that

---

[1]      References to "A.R." are to the Administrative Record filed with this court on July 6, 2005.

Plaintiff submitted in support of his application, and also took testimony. *Id.*

Plaintiff worked as grocery store clerk and a factory worker. (A.R. 105, 214-215). He stopped working on September 15, 2000, because of poor circulation in his legs. (A.R. 104, 214, 216, 221). Plaintiff was first treated for symptoms related to poor circulation in his legs on February 19, 2001. (A.R. 108). His treating physicians were at Bellevue Hospital, although he never saw the same physician twice. (A.R. 106, 108-109). Plaintiff never identified the names of the physicians he saw at Bellevue in his application for benefits. *Id.*

At Bellevue, Plaintiff was treated for an ulcer on his right lower leg and given antibiotics. (A.R. 146-149). As of March 15, 2001, about three weeks after the initial visit to Bellevue, the ulcer had almost healed. The ulcer had completely healed by April 18, 2001. (A.R. 138-140, 144, 145). The cause of the ulcer was never identified. *Id.* To aid circulation in his legs, Plaintiff began to wear a compression stocking. (A.R. 135). The medical records from Bellevue do not contain additional information regarding Plaintiff's alleged circulation problems in his legs.

Plaintiff was examined by Dr. Soo Park, a consultive physician, on February 24, 2004. (A.R. 186-192). The medical report is normal, and indicates that Plaintiff has a full range of motion in his arms, legs, hands and neck, although he has varicose veins. *Id.* In Dr. Park's opinion, there were no limitations on Plaintiff's physical activities. (A.R. 188).

The record contains another report from an unidentified employee of Bellevue's medical records department, dated May 26, 2004. (A.R. 194-197). The report's findings are radically different from those of Dr. Park, who had examined the Plaintiff three months earlier. The report shows limitations in lifting, carrying, standing, walking, sitting, pushing, pulling and reaching. *Id.*

At the hearing, plaintiff testified that as a result of the poor circulation in his legs, he must sit while shaving and preparing meals. (A.R. 124). Otherwise, Plaintiff is not limited in his daily activities and takes public transportation somewhat regularly. (A.R. 125, 223, 225-26).

**Standard of Review**

A district court reviewing the Commissioner's determination must affirm where the determination is supported by substantial evidence. *Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197 (1938)).

In determining whether the ALJ's determination is supported by substantial evidence, the court "'must not look at the supporting evidence in isolation, but must view it in light of the other evidence in the record that might detract from such a finding, including, any contradictory evidence and evidence from which conflicting inferences may be drawn.'" *Beckles v. Barnhart*, 340 F. Supp. 2d 285, 287 (E.D.N.Y. 2004) (quoting *Rivera v. Sullivan*, 771 F. Supp. 1339, 1351 (S.D.N.Y.1991)). The court also must "keep[ ] in mind that it is up to the agency, and not this court, to weigh the conflicting evidence in the record." *Clark v. Commissioner of Social Security*, 143 F.3d 115, 118 (2d Cir. 1998). Indeed, in evaluating the evidence, "the court may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon *de novo* review." *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (quoting *Valente v. Secretary of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984)).

**Five-Step Process**

An individual is "disabled" under the Social Security Act where there is "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the initial burden of proof of showing disability by presenting "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques," as well as any other evidence the Commissioner may require. 42 U.S.C. § 423(d)(5); *see also Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983).

In determining whether Plaintiff is eligible for SSI benefits, an ALJ must make findings of fact pursuant to a five-step process.

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a 'substantial gainful activity.' [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a 'severe impairment,' defined as 'any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities.' §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d),416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called 'vocational factors' (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920 (f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

In this case, The ALJ found that there was no evidence that the Plaintiff's condition was "severe" under the regulations because there was no evidence that Plaintiff had "any impairment or combination of impairments which significantly limits [Plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). In other words, Plaintiff failed the second of the five step process. (A.R. 18-19).

The ALJ's determination is supported by substantial evidence. The medical report from Dr. Park (included in the administrative transcript) indicates no limitations with respect to Plaintiff's ability to lift, carry, stand, walk, sit, push, pull and reach. Although Plaintiff testified that he was limited in these areas, and a medical report from an unidentified employee of Bellevue's medical records department stated that Plaintiff was limited in some of these areas, there is still substantial evidence that Plaintiff's circulation problems were not severe. *See Alston v. Sullivan,* 904 F.2d 122, 126 (2d Cir. 1990) ("[w]here there is substantial evidence to support either position, the determination is one to be made by the fact finder.").

Here, unlike *Sullivan*, the evidence supporting the severity of Plaintiff's impairment is minimal and less than persuasive, further justifying an affirmance of the ALJ's determination. The evidence presented by Plaintiff that his disability is severe is undermined by the record in two significant ways. First, the report from the unidentified employee of Bellevue's medical record department is not entitled to any weight since it is not a report from an acceptable medical source as defined in 20 C.F.R. § 404.1513. Pursuant to 20 C.F.R. § 404.1513, a medical report is only acceptable if it is made by a "licensed physician." There is no indication that the individual who completed the May 26, 2004, report was licenced or even a physician. Moreover, the report does not contain any clinical findings (such as the results of physical or mental examinations) because, as

5

Plaintiff admitted at the hearing, he was not asked any questions about his limitations by the unidentified author of the medical report. (A.R. 228).

Second, Plaintiff's testimony regarding his limitations supports the ALJ's findings. Plaintiff testified that he has little trouble traveling and that he engages in everyday activities with little or no restriction. (A.R. 224-226). Moreover, the ALJ chose to discredit Plaintiff's assertions that he suffered pain in his legs, and the ALJ, not the court, has the discretion to do so. *Aponte v. Secretary, Dept. of Health and Human Services*, 728 F.2d 588 (2d Cir.1984) ("[i]f the [Commissioner's] findings are supported by substantial evidence, the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain."). Here, as in *Aponte,* the medical evidence does not support Plaintiff's claims of pain, especially because the Plaintiff's own testimony suggests that he retains the ability to engage in everyday activities.

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is affirmed. Defendant's motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) is therefore granted.

SO ORDERED

DATED: Brooklyn, New York
July 19, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge___